PEOPLE ex rel. LOOMIS v. PURDY et al., Commissioners of Taxes and Assessments of City of New York.

(Supreme Court, Appellate Division, Second Department. May 28, 1915.)

TAXATION ☞496—ASSESSMENTS—CERTIORARI TO REVIEW—COSTS.

　　The provision of Tax Law (Consol. Laws, c. 60) § 294, that in certiorari proceedings to review assessments, costs and disbursements shall be awarded against the petitioners if the assessment is reduced less than one-half of the reduction claimed before the assessing officers, is mandatory, not directory.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec. Dig. ☞496.]

Appeal from Special Term, Kings County.

Certiorari by the People, on the relation of Guy Loomis, against Lawson Purdy and others, as Commissioners of Taxes and Assessments of the City of New York. From so much of an order reducing the taxation as denied costs to the Commissioners, the Commissioners appeal. Modified, and costs awarded to Commissioners.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Curtis A. Peters, of New York City (Addison B. Scoville, of New York City, on the brief), for appellants.

George E. Brower, of Brooklyn, for respondent.

CARR, J. The relator is the owner of certain real estate in the borough of Brooklyn, which was assessed for taxation in the year 1914 at the value of $28,500. He protested to the board of tax commissioners against the assessment of $28,500, and claimed that it should be reduced to the amount of $14,000. His protest was overruled, and

no reduction was made. Thereupon he obtained a writ of certiorari to review the assessment, and the result of the determination of the certiorari proceedings was a reduction of the assessed valuation in the sum of $6,500, which is less than one-half of the reduction which he had claimed before the tax commissioners. They claimed to be entitled to an award of costs against the relator under the provisions of section 294 of the Tax Law. The learned court at Special Term denied the claim of the tax commissioners for costs, and from that part of the order which denied costs the tax commissioners have appealed.

Section 294 reads as follows:

"Costs shall not be allowed against the officers whose proceedings may be reviewed under any such writ unless it shall appear to the court that they acted with gross negligence or in bad faith or with malice in making the assessment complained of. If the writ shall be quashed or the assessment confirmed, or if the assessment complained of shall be reduced by an amount less than half the reduction claimed before the assessing officers, costs and disbursements shall be awarded against the petitioner. If the assessment shall be reduced by an amount greater than half the reduction claimed before the assessing officers, costs and disbursements shall be awarded against the tax district represented by the officers whose proceedings may be reviewed. The costs and disbursements shall not exceed those taxable in an action upon the trial of an issue of fact in the Supreme Court, except that if evidence shall be taken there shall be included in the taxable costs and disbursements the expense of furnishing to the court or to the referee a copy of the stenographer's minutes of the evidence taken."

The learned court at Special Term was of opinion that the word "shall," as used in the statute, was not mandatory, but was construable properly as meaning "may," and that the granting or refusal of costs was discretionary, and not obligatory. The court stated its views in a memorandum clearly and forcefully. The real question on this appeal is whether the matter has not been determined already in hostility to the view which prevailed at Special Term. The appellants rely upon People ex rel. New York Mail & Transportation Co. v. State Board of Tax Commissioners, 163 App. Div. 944, 148 N. Y. Supp. 1137, affirmed 212 N. Y. 605, 106 N. E. 1041. There is no reported opinion in that case in either court. Therefore we have examined the original records, to see if this precise point was necessarily involved and determined. In that case the petitioner was successful in obtaining a reduction of an assessment for taxation, but the amount of the reduction obtained in the certiorari proceedings was less than one-half the reduction which the relator had claimed before the tax commissioners. Costs were awarded against it, and it appealed from that part of the order in the certiorari proceedings. The decision of the Special Term awarding costs against the petitioner was affirmed in the Appellate Division and Court of Appeals. The briefs show that the city of New York took the position that the award of costs to it was mandatory under section 294 of the Tax Law, and it cited in support of its contention the decision in People ex rel. Rome, W. & O. R. R. Co. v. Jones, 43 Hun, 131, 134, where section 6 of chapter 269 of the Laws of 1880 was construed

Section 294 of the Tax Law is an amplification and re-enactment of the earlier statute, and its language must be interpreted in the same sense in which it was used originally, unless it appears fairly otherwise.

We feel constrained, therefore, to hold that the case at bar is covered by the prior decisions, above referred to. This view requires that the order, so far as appealed from, should be so modified as to award the costs of the proceeding to the tax commissioners and against the relator, to be taxed as provided in section 294 of the Tax Law; the modification being made as a matter of law, and not of discretion, and without costs of this appeal.

Order modified, to the extent of awarding costs to the appellants, to be taxed as provided by section 294 of the Tax Law, such modification being made, not in the exercise of discretion, but as a matter of law, and, as so modified, order affirmed, without costs of this appeal. All concur.